# United States District Court
# Central District of California

| | |
|---|---|
| LA WAVE, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>55 TRADING CORP.; YU KIM,<br><br>           Defendants. | Case Nos. 2:17-cv-04151-ODW (JC)<br>         2:17-cv-04173-ODW (JC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE APPLICATIONS** |

///
///
///
///
///
///
///
///
///
///

## I. INTRODUCTION

Before the Court are Plaintiff LA Wave, LLC's unopposed ex parte applications to remand and for Federal Rule of Civil Procedure 11 sanctions in two related unlawful detainer actions. (ECF Nos. 9 (in case ending with 4173), 10 (case ending in 4151).) For the following reasons, the Court **GRANTS in PART** and **DENIES in PART** Plaintiff's applications.

## II. FACTUAL BACKGROUND

Plaintiff initiated these unlawful detainer actions in the California Superior Court on November 22, 2016, after Defendants 55 Trading Corporation and Yu Kim failed to make certain rental payments under two separate lease agreements for commercial property located on South La Brea Avenue in Los Angeles.[1] (*See generally* Compl., ECF No. 2-1.)[2] Defendants admit they received notice of the actions on November 28, 2016. (Not. of Rem. ¶ 2, ECF No. 2.)

## III. DEFENDANTS REMOVED THE ACTIONS TO FEDERAL COURT ON JUNE 5, 2017, CLAIMING FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331. (*ID.* ¶ 3.) ON JUNE 9, 2017, PLAINTIFF NOTIFIED DEFENDANTS' COUNSEL OF ITS INTENT TO FILE THE INSTANT EX PARTE APPLICATIONS FOR REMAND AND SANCTIONS. (HEANEY DECL. ¶ 9.) ON JUNE 15, 2017, PLAINTIFF FILED THE PENDING APPLICATIONS, ARGUING THAT DEFENDANTS FRIVOLOUSLY REMOVED THESE ACTIONS TO FEDERAL COURT. (APPL. 5–7, ECF NO. 10.) PLAINTIFF ALSO SEEKS RULE 11 SANCTIONS IN THE FORM OF ATTORNEYS' FEES AND COSTS ASSOCIATED WITH THESE "FRIVOLOUS"

---

[1] There were two different leases (each pertaining to a different portion of the same commercial property) and thus there were initially two unlawful detainer actions. (Heaney Decl. ¶ 3, ECF No. 10.) Apparently these two actions were consolidated at some point before removal. (*Id.* ¶ 2.) This is odd because the actions were again separated upon removal.

[2] As the actions and applications are effectively identical, the Court will only cite to the record associated with the case ending in 4151.

**REMOVALS.  (*ID.* AT 8.)  DEFENDANTS' OPPOSITION TO THE APPLICATIONS WAS DUE ON JUNE 16, 2017, BUT NONE WAS FILED.  (*SEE* COURT'S STANDING ORDER (PROVIDING THAT ANY OPPOSITION TO AN EX PARTE APPLICATION MUST BE FILED WITHIN TWENTY-FOUR HOURS).) LEGAL STANDARD**

A civil action may be removed from state court if the district court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  District courts strictly construe removal statutes against federal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of showing that it has complied with the procedural requirements for removal.  *Peace v. Estate of Sorensen*, No. CV08-2880-CAS(PLAX), 2008 WL 2676367, at *1–2 (C.D. Cal. June 30, 2008).

## IV.   DISCUSSION

**A. No Basis for Federal Subject Matter Jurisdiction**

Defendants assert that these cases arise under the Constitution, laws, or treaties of the United States.  (Not. of Rem. ¶ 3.)  Specifically, Defendants assert that these cases arise under "U.S.C.§362" and/or "15 U.S.C. §1667."  (*Id.*)

The Court examines each of the two statutes in turn.  First, as Plaintiff points out in its application, "U.S.C.§362" is an incomplete citation.  (Appl. 7.)  However, it is fair to assume that "U.S.C.§362" references 11 U.S.C. § 362, the statute governing bankruptcy stays, as Defendants were recently involved in bankruptcy proceedings.  (*Id.*)  Even assuming that this is the case, § 362 cannot serve as the basis for federal question jurisdiction.  To begin, defenses may not serve as a basis for federal jurisdiction.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint." (emphasis in original)).  Further, to the extent that Defendants

intend to seek a stay pursuant to § 362, this Court would not have jurisdiction to enforce it. *Swartz v. Nationstar Mortg., LLC*, No. CV 14-08649 BRO JCX, 2015 WL 846789, at *8 (C.D. Cal. Feb. 26, 2015) (collecting cases for the general proposition that district courts do not have jurisdiction over issues related to bankruptcy stays); *Minichino v. Piilani Homeowners Ass'n*, No. CV 16-00461 DKW-RLP, 2016 WL 7093431, at *5 (D. Haw. Dec. 2, 2016) (same); C.D. Cal. General Order 13-05 (noting that *all* matters relating to Title 11 of the United States Code are to be addressed in bankruptcy court and that district court involvement in bankruptcy matters is limited to bankruptcy court appeals).

Second, 15 U.S.C. § 1667 is a definitional statute, not a cause of action. Merely because § 1667 provides definitions of the terms "consumer lease," "lessee," and "lessor," which bear some tangential relationship to the subject matter at issue here, does not mean this statute provides a basis for federal question jurisdiction.

At the end of the day, these are two simple unlawful detainer actions. Such actions are not appropriate for federal court. *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF SSX, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law."); *Indymac Federal Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan.13, 2010) (finding no subject matter jurisdiction where sole claim was for unlawful detainer). Thus, Defendants have failed to meet their burden and these actions must be remanded for lack of subject matter jurisdiction.

**B. Improper Removal**

Pursuant to 28 U.S.C. § 1446(b), defendants must file a notice of removal within thirty days of being served with the complaint. Defendants admit receiving the state court complaint on November 28, 2016—more than six months ago. (Not. of Rem. ¶ 2.) Therefore, the thirty-day window for removal had long since expired when Defendants filed their notices of removal with the Court on June 5, 2017. As such, these actions must also be remanded for improper removal.

## C. Sanctions

In addition to its request for remand, Plaintiff asks the Court to impose Rule 11 sanctions for "frivolous removal." (Appl. 8.) Plaintiff seeks $3,000 in attorneys' fees and $24,000 in lost rental income. (*Id.*)

To begin, the proper statute for recovering attorneys' fees and costs associated with a frivolous removal is 28 U.S.C. § 1447(c). To recover monies under that statute, the removal at issue must have been "objectively unreasonable." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the removal appears to have been "objectively unreasonable." Nevertheless, the Court finds that the evidentiary record is not sufficiently developed to award sanctions at this time.

In order to determine the amount of attorneys' fees recoverable under 28 U.S.C. § 1447(c), district courts must first calculate the lodestar figure. *See Pack v. Hoge Fenton Jones & Appel, Inc.*, No. 12-CV-4512-SC, 2013 WL 140027, at *7 (N.D. Cal. Jan. 10, 2013). This is done by multiplying the number of hours reasonably expended on the litigation by the reasonable community rate for like work. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990). Here, Plaintiff has not provided any documentation to substantiate the number of hours allegedly expended on the litigation, or the requested community rate, other than its counsel's cursory affidavit. *Andrews v. Lawrence Livermore Nat. Sec., LLC*, C 11–3930 CW, 2012 WL 160117, at *1 (N.D. Cal. Jan.18, 2012) ("[T]he party seeking an award of attorneys' fees bears the burden of producing 'satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008))).

Likewise, there is minimal evidentiary support for Plaintiff's lost rental income figure. Plaintiff indicates that the amount of lost rental income is based on the "current market rate for the building." (Heaney Decl. ¶¶ 7–8.) Plaintiff's market rate

is allegedly derived from four "written offers" by persons or entities seeking to lease the property. (*Id.* ¶ 8.) However, the offers themselves are not attached to either of the applications.

In sum, the Court finds that while there may be grounds for sanctions related to these removals, those sanctions should be sought in state court after remand. The state court will be able to fully develop the record to determine once and for all whether sanctions are warranted and the proper measure of those sanctions.

## V. CONCLUSION

In light of the foregoing, the Court **GRANTS in PART** and **DENIES in PART** Plaintiff's ex parte applications. (ECF Nos. 9 (case ending in 4173), 10 (case ending in 4151).) The Clerk of Court shall close these cases and remand them back to California Superior Court for the County of Los Angeles.

**IT IS SO ORDERED.**

June 19, 2017

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**